IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARY OLDHAM, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 07-0127-CV-W-ODS |
| TARGET CORPORATION, | ) |
| Defendant/Third Party Plaintiff, | ) |
| vs. | ) |
| DAMERON PROPERTY MANAGEMENT, INC., | ) |
| Third Party Defendant. | ) |

ORDER AND OPINION DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

Pending are cross motions for summary judgment filed by Third-Party Defendant Dameron Property Management ("Dameron") and Defendant Target Corporation ("Target"). For the following reasons, both motions (Docs. # 43 and #80) are denied.

I. BACKGROUND

Plaintiff, Mary Oldham ("Oldham"), was shopping at Target when she slipped and fell directly in front of the grape stand. Oldham suffered a knee injury. At the time of Oldham's fall there was no floor mat in front of the grape stand to prevent such accidents. There is no evidence clearly showing who removed the mat, or how long it had been missing.

At the time of Plaintiff's fall, Target employed Dameron to clean the Target store overnight. By contract, Dameron was required to remove the floor mats to clean underneath them nightly, then replace the mats where they were originally found. It is unknown whether there was a mat in front of the grape stand when Dameron cleaned on the night before Oldham's fall.

Oldham sued Target for negligence based on the knee injury she received from her fall.  Target filed a third party complaint against Dameron for contractual indemnity and non-contractual indemnity or contribution. Dameron seeks summary judgment, arguing that Target has no evidence that Dameron was negligent.[1]  Target responded and filed a motion for partial summary judgment, seeking a determination that Oldham's claims relate to or arise from services Dameron provides under its contract with Target.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992).  In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

With respect to its motion, Dameron carries the burden of demonstrating there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Fed. R. Civ. P. 56(e).  Dameron fails to meet this burden because it fails to identify evidence showing it was not involved in Oldham's fall.  At trial, Dameron will likely be successful if Target cannot produce any evidence proving Dameron was

---

[1]It is not significant to this motion that Dameron did not respond to Target's amended third party complaint, as the factual basis for both complaints is identical.

involved, but at this stage Dameron cannot rely on Target's lack of evidence. Without uncontroverted evidence that Dameron was not involved, Dameron is not entitled to judgment as a matter of law and its motion must be denied.

Target also fails to carry its burden to support its summary judgment claim. Target's lack of evidence that Dameron was involved in Oldham's fall creates issues of material fact. Evidence of the quality and quantity of Dameron employees' training in cleaning procedures and their ability to speak English does not establish the location of floor mats the night before Oldham's fall, so these facts do not demonstrate Dameron failed to put the mats back where they were found. It is impossible to determine whether Oldham's claims relate to or arise under Dameron's contract with Target unless and until it can be determined Dameron had something to do with the missing mats.

### III. CONCLUSION

Target's motion for partial summary judgment is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 30, 2008　　　　　　　　　　　　　UNITED STATES DISTRICT COURT